UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **BENJAMIN HAITH INTELLECTUAL PROPERTY, LLC**,<br><br>　　　　Plaintiff,<br>v.<br><br>**ADOBE (DE) INC.**,<br><br><u>Serve at:</u>  Reg. Agt. CSC-LAWYERS INCORPORATING SERVICE COMPANY<br>221 Bolivar St<br>Jefferson City, MO 65101<br><br>　　　　Defendant. | Case No.　4:25-cv-310<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

COMES NOW Benjamin Haith Intellectual Property, LLC ("Plaintiff," "BHIP"), by and through its undersigned counsel, and hereby states for its Complaint against Defendant Adobe (DE) Inc. ("Defendant," "Adobe") as follows:

**SUMMARY OF THE ACTION AND PARTIES**

1.　Plaintiff brings this action for Defendant's violations of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiff's original copyrighted works of authorship.

2.　Plaintiff brings this action for Defendant's falsification of copyright management information under 17 U.S.C. § 1202 and for Defendant's unfair competition under Missouri law.

3.　Plaintiff BHIP is a Missouri limited liability company.

4.　Ben Haith ("Mr. Haith") is the principal of BHIP, and is community activist and the visionary behind the National Juneteenth Celebration.

5. Mr. Haith is the sole creator of the Juneteenth Flag, and was instrumental in the broad recognition of Juneteenth as an American holiday. Mr. Haith is pictured below with the Juneteenth Flag.



6. Mr. Haith's company, Benjamin Haith Intellectual Property, LLC, holds the copyright for the Juneteenth Flag.

7. Plaintiff's Work (as defined herein) at issue is the Juneteenth Flag.

8. In particular, the Work depicts a curved red horizon over a blue background, with a white five-pointed star in the middle, surrounded by a 12-pointed starburst.

9. To create the Work, Mr. Haith invested many hours of his time over the course of multiple years.

10. Plaintiff is very careful about licensing the Work to third parties, and would never grant any such license to Defendant Adobe.

11. Defendant Adobe is a corporation doing business in Missouri and in this District. Defendant is registered to do business in Missouri and in this District. Defendant has a registered agent in Missouri in this District.

12. Defendant Adobe directed and/or approved of the use and/or sale and distribution of the subject copyright-protected Work on one of Defendant's websites: stock.adobe.com.

13. Upon information and belief, Defendant purposefully directed its activities at Missouri and this District and actively solicited and targeted Missouri residents and residents of this District, seeking to have them patronize Defendant's business and download and purchase copies of the subject copyright-protected Work.

14. Upon information and belief, a substantial part of the events at issue occurred in Missouri and in this District.

15. Upon information and belief, Defendant sells thousands of images and subscriptions / membership plans throughout Missouri and throughout this District through its website: stock.adobe.com.

16. Upon information and belief, Defendant sells thousands of other products and services throughout Missouri and this District, such as software for creative professionals and businesses including but not limited to Photoshop, InDesign, and Acrobat Pro.

17. Upon information and belief, Defendant conducts constant, continuous and systematic business throughout Missouri and this District.

18. Defendant owns and operates numerous websites which are used throughout Missouri and this District. Defendant sells many different types of software in Missouri and this District which are used throughout Missouri and this District.

19. Defendant owns and operates the website stock.adobe.com, which is used throughout Missouri and this District. Through this website, Defendant solicits customers online to purchase images and to purchase subscriptions which allow users to access, download, possess, and use images from the Adobe Stock catalog. Defendant further uses its website to advertise and promote its business more generally and uses the images on its website to solicit sales of Adobe Stock subscriptions. Consumers throughout Missouri and this District constantly purchase subscriptions and access, purchase, download, and use images offered through Defendant's website.

20. Upon information and belief, Defendant sold images and subscriptions using Plaintiff's copyrighted Work and used Plaintiff's Work to promote Defendant's business and bring in new customers in this District.

21. Upon information and belief, many Missouri residents and residents of this District purchased images containing Plaintiff's copyrighted Work and/or purchased subscriptions which they then used to obtain images containing Plaintiff's copyrighted Work.

22. Defendant appropriated, without license or permission, Plaintiff's copyrighted Work to sell the Work directly, to sell subscriptions to Adobe Stock, and to advertise, market, and promote Defendant's business activities across this District and nationally.

23. Defendant's actions caused Plaintiff to suffer harm in this District.

24. Defendant committed the violations alleged in connection with and in course and scope of Defendant's business for purposes of selling images and Adobe Stock subscriptions and for the purposes of advertising and promoting its business to the public.

## JURISDICTION AND VENUE

25. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

26. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338. The Court has pendent jurisdiction over Plaintiff's state law claims, as those claims arise out of the same facts and circumstances as the copyright claims. As such, the state law claims are joined with and substantially related to Plaintiff's copyright claims.

27. This Court has personal jurisdiction over Defendant. Defendant transacts systemic and continuous business throughout Missouri and in this District. Plaintiff suffered harm from the infringement in Missouri and in this District. A substantial part of the events or omissions giving rise to the claim occurred in Missouri and in this District. Defendant marketed and sold products using Plaintiff's copyright in Missouri and this District. Defendant engaged in infringement in this District. Defendant advertised, marketed, and promoted its business and tried to bring in new sales and new customers using Plaintiff's copyright in Missouri and this District. Defendant systematically and routinely avails itself of consumers in Missouri and in this District through the marketing and sale of its products and services in this jurisdiction.

28. For the reasons stated above and throughout this Complaint, venue is proper in this District under 28 U.S.C. § 1391(b) and (c) and 1400(a).

## THE COPYRIGHTED WORK AT ISSUE

29. The Work is the result of Mr. Haith's painstaking work to create a flag to represent the Juneteenth holiday, edited and revised over several years.

30. The Juneteenth Flag is shown below and referred to throughout as the "Work."



31. Mr. Haith registered the Work with the United States Copyright Office on September 1, 2000 via USCO certificate VAu 488-555. The Certificate of Registration for the Work is attached hereto as **Exhibit 1** and incorporated herein by reference.

32. Plaintiff is the owner of the copyrighted Work at issue in this case.

### INFRINGEMENT BY DEFENDANT

33. Plaintiff has never issued Defendant any license to use the Work at issue for any purpose.

34. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied the Work.

35. Defendant copied Plaintiff's copyrighted Work without Plaintiff's permission.

36. After Defendant copied the Work, Defendant made further copies and distributed the Work on the internet for profit.

37. After Defendant copied the Work, Defendant sold products and/or services that included its copies of the copyrighted Work.

38. Specifically, Defendant, without any permission from Plaintiff, sold digital copies of the Work directly and sold subscriptions that would allow subscribers to access, download, and use the Work.

39. Defendant also displayed the Work online to promote the sale of goods and/or services as part of Defendant's business.

40. Defendant used the Work to promote its business interests.

41. Defendant's display of the Work was repeated and continuous.

42. Defendant displayed the Work on their website stock.adobe.com and still displays the Work as of the date of this filing. *See* **Exhibit 2**, **Exhibit 3**. Defendant sold the Work as its own and further used the Work to promote and sell its own subscriptions. *See* **Exhibit 2**, **Exhibit 3**.



43. As shown in **Exhibit 2**, Defendant added watermarks for "Adobe Stock" diagonally throughout the image. Defendant further added an identifier to the image of "Adobe Stock | #799790791." Defendant further asserted copyright rights by including "© 2025 Adobe. All rights reserved." at the bottom of the website indicating it had copyright rights to images and other content on its website. Defendant further labelled this image with "By HelenArt." Defendant solicits visitors to its website to download, possess, and use this image containing the Work through a free trial for a "standard license" or to purchase an "extended license" for $79.99.

44. In 2025, Plaintiff discovered that Defendant was selling the Work and using the Work to promote its business and sell its subscriptions. Plaintiff was stunned and disappointed, as Defendant was acting without any permission from Plaintiff.

45. Defendant sold and distributed the Work to customers and represented to those customers that the customers had the license, permission, and rights to use Plaintiff's copyrighted Work. Those customers, based on Defendant's representations, sold products and services using Plaintiff's Work. The direct result of Defendant's actions is that, at minimum, thousands of units of product have been sold using Plaintiff's Mark without Plaintiff's license or permission.

46. Defendant knew or should have known that they did not have license or permission to use the Work.

47. Plaintiff's creation of and copyright on the Work is a matter of public record and has been covered extensively online, including on Wikipedia and in the news media.

48. Despite this, Defendant is still displaying, selling, and distributing several different images containing the Work as of the date of this filing. *See* **Exhibit 2**, **Exhibit 3**.

49. Plaintiff carefully reviewed the images on Defendant's website and determined that these images were its Work and that Defendant did not have any license or permission to use the Work, as Defendant had not paid Plaintiff for the use of the Work.

50. Defendant copied, distributed, and sold Plaintiff's copyrighted Work in connection with Defendant's business for purposes of selling images and Adobe Stock subscriptions and for the purposes of advertising and promoting its business to the public, and in the course and scope of advertising and selling Defendant's goods and/or services.

51. Plaintiff's Work is protected by copyright, but is not otherwise confidential, proprietary, nor is it a trade secret.

52. Defendant infringed on the copyright of the Work as evidenced by the screenshot exhibits attached hereto.

53. Defendant has shown a complete and reckless disregard for Plaintiff's copyright.

54. Defendant has displayed and sold products and/or services containing Plaintiff's copyright for years.

55. Defendant continues to display these products and/or services on its website and to sell these products and/or services to consumers throughout Missouri and this District.

56. Plaintiff ultimately engaged the undersigned attorney at considerable expense to enforce its Copyright rights and other rights against Defendant.

57. Plaintiff licenses out the Work to select entities for payment.

58. Defendant unfairly passed off the Work as its own.

59. Defendant is directly competing with Plaintiff and selling customers the right to use Plaintiff's copyrighted Work, taking business away from Plaintiff.

## COUNT I
## COPYRIGHT INFRINGEMENT

60. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if they were fully set forth herein.

61. Plaintiff owns a valid copyright in the Work at issue in this case.

62. Plaintiff registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

63. After Plaintiff registered the Work, Defendant copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

64. Defendant performed the acts alleged in the course and scope of its business activities and profited from its unlawful use of the Work.

65. Specifically, Defendant sold copies of the Work, and Defendant sold subscriptions which allow purchasers to access, download, possess, and use copies of the Work.

66. Furthermore, the Work has attracted potential customers to Defendant's business, and Defendant has turned some of those persons into paying customers of Defendant's business.

67. Defendant never paid Plaintiff for the Work, and never sought or obtained permission to use the Work.

68. Plaintiff has been damaged in an amount to be determined at trial. In the alternative, Plaintiff will seek statutory damages under the Copyright Act.

69. Defendant's infringement was committed willfully as defined in 17 U.S.C. § 504.

70. The harm caused to Plaintiff has been irreparable.

# COUNT II
## FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION - 17 U.S.C. § 1202

71. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if they were fully set forth herein.

72. Defendant took Plaintiff's Work without permission or license and then Defendant added false copyright management information to the Work.

73. As shown in **Exhibit 2**, Defendant added false and deceptive copyright management information to the Work including watermarks for "Adobe Stock" imposed diagonally throughout the image. Defendant further added an identifier to the image of "Adobe Stock | #799790791." Defendant further asserted copyright rights by including "© 2025 Adobe. All rights reserved." at the bottom of its website indicating it had copyright rights to images and other content on its website. Defendant further labelled this image with "By HelenArt."

74. Defendant represented to customers that if they purchased the Work from Defendant, the customers would have no copyright issues and would be free to use the Work to sell products and services of their own. This is exactly what happened; Defendant's customers sold products and services using the Work with images containing the Work provided by Defendant.

75. Defendant provided and distributed the false copyright management information highlighted above.

76. Defendant did not have Plaintiff's permission to falsify copyright management information, or to use the Work at all.

77. Defendant knew or should have known that the copyright management information was false. Defendant knows it does not own the copyright and Plaintiff's copyright is a matter of public record and also covered extensively online and in news media.

78. Defendant knew, or should have known, that such falsification of copyright management information would induce, enable, facilitate, or conceal the infringement of the images. Defendant adds watermarks to images on its website, including the Work, to claim ownership, or at the very least claim permission or license to use the images. Defendant intentionally does this to represent to customers that Defendant has the rights to the images and that the images are free from copyright issues. Defendant does this to induce customers to buy images and buy subscriptions to obtain the images, so that customers can then use the images for their own purposes.

79. Defendant, in violation of 17 U.S.C. § 1202(a), provided false copyright management information, as defined in 17 U.S.C. § 1202(c), and distributed false copyright management information, in that Defendant watermarketed the image, claimed a false owner of the image, claimed the image was free of copyright issues, claimed all of the content on their website was copyright-protected in favor of Defendant, and distributed the image for profit and for others' use for profit.

80. **Exhibit 3** provides further examples on Defendant's website which present identical issues and analyses as that of **Exhibit 2** highlighted above.

## COUNT III
### Unfair Competition - Missouri

81. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if they were fully set forth herein.

82. Plaintiff has a copyright on the Work and the Work is associated with Plaintiff as a matter of public record and as covered extensively online and in news media. Plaintiff licenses out the Work to select entities for payment.

83. Defendant used, offered, sold, and distributed copies of Plaintiff's copyrighted Work without permission, which was likely to cause confusion, to cause mistake, to deceive, and to appropriate and trade upon Plaintiff's goodwill and reputation and efforts which are symbolized by the Work. Thus, Defendant's actions constitute acts of unfair competition in violation of the common law of the State of Missouri.

84. In other words, Defendant made a representation likely to deceive or mislead prospective purchasers by causing the mistaken belief that Defendant's business is the business of Plaintiff, or that Defendant is the agent or affiliate, or otherwise associated with Plaintiff, or that the goods and/or services that Defendant markets are produced, sponsored, or approved by Plaintiff.

85. Defendant passed off or attempted to pass off to the public, its own goods or business as and for the business of Plaintiff, or, in the conduct of a trade or business, there was either an express or implied representation to that effect.

86. Customers were actually deceived by Defendant. Defendant intentionally represented to customers that it had the right to sell and/or distribute the Work. Companies purchased copies of the Work from Defendant thinking they had the right and/or license to use the Work and then sold products using the Work.

87. The acts and conduct of Defendant complained of herein have damaged Plaintiff and will, unless restrained, further impair, if not destroy, the value of Plaintiff's Work and the goodwill associated therewith.

88. Defendant's acts of common law unfair competition have caused Plaintiff to sustain monetary damages, loss and injury, and have unjustly enriched Defendant in an amount to be determined at the time of trial.

89. Defendant has engaged and continues to engage in this activity knowingly and willfully.

90. Defendant's acts of common law unfair competition, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ben Haith Intellectual Property, LLC prays for judgment against Defendant Adobe such that:

a. Defendant and its agents, servants, employees, affiliated entities, and all of those in active concert with it, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501, 1203;

b. Defendant be required to pay Plaintiff its actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon, see 17 U.S.C. § 505;

d. Under 17 U.S.C. § 1203(b)(3) Defendants be required to pay Plaintiff its actual damages and additional profits of Defendants in accordance with 17 U.S.C. § 1203(c)(2) or, if Plaintiff so elects before judgment is entered, statutory damages in accordance with 17 U.S.C. § 1203(c)(3);

e. Under 17 U.S.C. § 1203(b)(4), Plaintiff be awarded costs;

f. Under 17 U.S.C. § 1203(b)(5), Plaintiff be awarded reasonable attorneys' fees and costs;

g. Under the common law of Missouri, Defendant be required to pay Plaintiff its actual damages and Defendant's profits attributable to the infringement, as well as Plaintiff's costs and attorneys' fees.

h. Plaintiff be awarded pre- and post-judgment interest;

i. Defendant be permanently enjoined from displaying the Work; and

j. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr. #52046
7321 S. Lindbergh Blvd., Ste. 400
Saint Louis, MO 63125
Phone: (314) 380-3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*